# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REFURBLE INC., *et al.*, Plaintiffs<br><br>v.<br><br>JULIE SU, Acting Secretary, Department of Labor *et al.*, Defendants | No. 24 CV 00287<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion to dismiss [9] is granted. Civil case terminated.

## STATEMENT

Plaintiff Refurble, Inc. is a computer refurbishing company located in Illinois. (R. 1 ("Compl.") ¶ 20.)[1] Plaintiff Boyko Ivanov Velkov is a citizen of Bulgaria, who sought employment with plaintiff Refurble (collectively, "the plaintiffs"). (*Id.* ¶¶ 21–22.) Under the Immigration and Nationality Act ("INA"), a United States employer wanting to employ a non-US citizen must file a petition for classification under the act, accompanied by a labor certification. (*Id.* ¶ 12); *see generally* U.S.C. § 1182(a)(5); 20 C.F.R. § 656.17. To obtain the labor certification, the employer must file a completed application with an "ETA [Department of Labor ("DOL") Employment and Training Administration] application processing center." (Compl. ¶ 13); 20 C.F.R. § 656.17(a)(1). The DOL screens and decides whether the application should be selected for audit. (Compl. ¶ 17); 20 C.F.R. § 656.17(b)(1). When the audit is complete, the reviewing officer decides whether to grant or deny the application based on a series of criteria. (Compl. ¶ 18); 20 C.F.R. § 656.17(i)(1)–(3). If the application is denied, the employer may appeal the decision to the Board of Alien Labor Certification Appeals ("BALCA"). 20 C.F.R. § 656.26(a).

On February 24, 2022, Refurble filed an application for alien labor certification on behalf of Velkov. (Compl. ¶ 22.) The application was selected for audit by the DOL Employment and Training Administration in November 2022 and Refurble filed a timely response, which included a mandated Notice of Filing. (*Id.* ¶¶ 23–24.) On February 2, 2023, the DOL Employment and Training Administration denied

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Refurble's application, explaining that the Notice of Filing did not contain the correct address for the certifying officer. (*Id.* ¶¶ 26–27.) The letter stated that failure to request review within the requisite thirty calendar days would constitute a failure to exhaust administrative remedies. (R. 1-1 at 5.)[2] That same day, Refurble sought reconsideration of the denial by filing a Motion for Reconsideration with the DOL Employment Training Administration. (Compl. ¶ 28; *see also* R. 1-1.) On December 6, 2023, the DOL affirmed the February 2, 2023 denial. (Compl. ¶ 33; R. 1-2.) In that decision, it stated that Refurble had the right to appeal its case to the BALCA (R. 1-2 at 5.) Instead of filing an appeal with the BALCA, Refurble filed suit in this court, seeking declaratory judgment to set aside the DOL's decision, pursuant to the Administrative Procedures Act ("APA"). (Compl. ¶¶ 36–44.)[3]

The defendants, the acting secretary of the DOL and the DOL Employment and Training Administration, move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. (R. 10.) There is support for addressing exhaustion under either Rule 12(b)(1) or (b)(6). *See* Charles Allen Wright, *et al.*, Federal Practice & Procedure § 1350 (4th ed. June 2024) ("[T]he Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [ ] may be appropriate when the claimant has failed to exhaust administrative procedures . . . although there are a significant number of cases treating the matter as going to the merits of the plaintiff's claim for relief[.]"). Although the two inquiries require distinct analytical frameworks, *see id.*, ("[12(b)(1)] determines whether the plaintiff has a right to be in the particular court and [12(b)(6)] is an adjudication as to whether a cognizable legal claim has been stated"), the Court may treat an indirect attack on the merits of the plaintiffs' claims as if it were a Rule 12(b)(6) motion to dismiss. *See Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992). A 12(b)(6) motion "tests the legal sufficiency of the complaint, not the merits of the allegations." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). A complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well pled factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *In re Abbott Labs. Derivative S'holder Litig.*, 325 F.3d 795, 803 (7th Cir. 2003).

Exhaustion of administrative remedies serves two purposes: first, it "protects administrative agency authority," allowing the agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotations and

---

[2] By attaching the plaintiffs' correspondence with the DOL to the complaint, (*see* R. 1-1, 1-2) the plaintiffs made it a part of the complaint "for all purposes." Fed. R. Civ. P. 10(c).
[3] Jurisdiction over these claims is proper under 28 U.S.C. § 1331. *See generally*, *Dhakal v. Sessions*, 895 F.3d 532, 538 (7th Cir. 2018) ("Although the APA is not an independent grant of jurisdiction, where federal jurisdiction is not precluded by another statute, general federal question jurisdiction exists under 28 U.S.C. § 1331.") (citation omitted).

2

citations omitted). Second, "exhaustion promotes efficiency" because claims "generally can be resolved much more quickly and economically in proceedings before an agency than in litigation." *Id.* "And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration." *Id.* (internal quotations and citations omitted).

As the plaintiffs point out, federal courts do not have authority to require exhaustion absent a statutory requirement. (R. 12 at 2 (citing *Darby v. Cisneros*, 509 U.S. 137, 144–45 (1993)). The Court therefore must analyze the relevant statutory text to determine whether exhaustion requirements apply here, and if so, what they are.

As mentioned, the plaintiffs sued under the APA. (Compl. ¶ 3.) Administrative exhaustion has been codified in section 10(c) of the APA, *Shawnee Trail Conservancy v. U.S. Dept. of Agric.*, 222 F.3d 383, 388–89 (7th Cir. 2000); it allows for judicial review only of "final agency action[.]" 5 U.S.C. § 704. "[A]ny definitive agency action is considered 'final,' and therefore reviewable, 'unless the agency's regulations require exhaustion as a prerequisite to judicial review.'" *Lis Trucking, Inc. v. Walsh*, No. 20 C 4774, 2022 WL 1404817, at *4 (N.D. Ill. May 4, 2022) (quoting *Shawnee*, 222 F.3d at 389). If there is an exhaustion requirement, then an agency action will only be considered final once "an aggrieved party has exhausted all administrative remedies *expressly* required by statute." *Id.* (quoting *Darby*, 509 U.S. at 146) (emphasis in original).

The defendants assert that the applicable regulation governing exhaustion is 20 C.F.R. § 656.24(e)(3). (R. 10 at 6.) That section instructs that the DOL, in its final determination, must notify an aggrieved party of the need to exhaust administrative remedies. *See* § 656.24(e)(3) (stating that a final determination form will "advise that failure to request review within 30 days of the date of the determination . . . constitutes a failure to exhaust administrative remedies[.]"). The plaintiffs counter that this regulation does not require an administrative appeal before a case can be brought in district court; rather, they argue that 20 C.F.R. § 656.26(a)(1) states that an appeal is discretionary. (R. 12 at 3.) That regulation provides that "[i]f a labor certification is denied . . . a request for review may be made to the Board of Alien Labor Certification Appeals." § 656.26(a)(1). To the plaintiffs, the use of "may" indicates permissive, rather than mandatory, review. (R. 12 at 3.)

The Court identified only three cases in the labor certification context discussing whether administrative review is required prior to judicial review,[4] and two of those

---

[4] The third case, *Powell Elec. Mfg. Co. v. Solis*, No. 07-C-2173, 2009 WL 995278 (N.D. Tx. Apr. 13, 2009) dealt with the denial of an immigration visa for a prospective employee and did not implicate the APA. Even so, the court determined that exhaustion of administrative relief in front of BALCA was required. *Id.* at *7.

3

were decided by judges in this district, though at a later stage of litigation.[5] Both *Star Way Lines v. Walsh*, 596 F. Supp. 3d 1142 (N.D. Ill. 2022) and *Lis Trucking* dealt with facts reminiscent of those here: a plaintiff company sought to hire a non-US citizen as an employee, their applications were denied by the DOL, and the plaintiffs chose not to appeal the decision to BALCA but instead file suit in the district court. *See Star Way*, 596 F. Supp. 3d at 1145, 1147–48; *Lis Trucking*, 2022 WL 1404817, at *1–2. Both courts concluded that § 656.24(e)(3) articulated an exhaustion requirement, and because the plaintiffs failed to exhaust their administrative remedies, summary judgment for the defendants was appropriate. In so finding, the court in *Star Way* remarked that although the requirement articulated in § 656.24(e)(3) "is not the most direct route for imposing an exhaustion requirement . . . it is difficult to know what else that language could mean, except that there is an exhaustion requirement. There would be no need to tell an aggrieved party about an exhaustion requirement if there *was no* exhaustion requirement." 596 F. Supp. 3d at 1151 (emphasis in original); *see also Lis Trucking*, 2022 WL 1404817 at *5 (adopting reasoning of *Star Way*). The Court finds this reasoning persuasive. In addition, as in both *Star Way* and *Lis Trucking*, this is not a situation where the "judiciary [is] imposing exhaustion requirements on unsuspecting litigants." *Lis Trucking*, 2022 WL 1404817, at *5; *see also Darby*, 509 U.S. 137 at 146 (noting Congress's concern that aggrieved parties be aware of "precisely what administrative steps were required before judicial review would be available."). The plaintiffs here, just like in *Star Way* and *Lis Trucking*, received the denial notice which expressly informed them of the consequences of failing to pursue further agency review. (See R. 1-1 at 5); *see Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("When ruling on a motion to dismiss, the court may consider documents . . . attached to the complaint . . .").

The plaintiffs' view of 20 C.F.R. § 656.26(a)(1)'s effect on administrative exhaustion, (R. 12 at 3), is unavailing. While it is true that the word "may" typically signals that an action is discretionary as opposed to mandatory, that "do[es]n't mean that there is no exhaustion requirement." *Star Way*, 596 F. Supp. 3d at 1153. The regulation provides instructions on "how an aggrieved party can appeal if it wants to appeal." *Id.* As the court in *Star Way* pointed out, to use "must" instead of "may" when describing how a party can take steps to appeal would likely be confusing because appeals are not mandatory. *Id.* Really, 20 C.F.R. § § 656.24(e)(3) and 656.26(a)(1) should be read together because they "chart the path forward." *Id.*

> "One regulation says that the losing party can challenge an adverse decision by going to the BALCA, if it wants to appeal at all. The other regulation says . . . that the aggrieved party *must* exhaust administrative remedies if it wants to challenge the agency's decision.

---

[5] The three cases (*Star Way*, *Lis Trucking*, and *Powell*), were decided at summary judgment, as opposed to on a motion to dismiss. However, this does not change the Court's analysis because those decisions hinged on the review of the relevant statutory scheme (as opposed to whether there were triable issues of material fact), as is the case here.

4

> They send the following message: if you want to appeal, here's how you do it."

*Id.* (internal citations omitted) (emphasis in original); *see also Lis Truck*, 2022 WL 1404817, at *5 (reading regulations together to show (1) how to seek further review and (2) that failure to request review is a failure to exhaust administrative remedies).

The plaintiffs' remaining arguments are not persuasive. First, they point out that the INA "does not contain language making exhaustion jurisdictional in labor certification cases." (R. 12 at 2.) While that may be true, *see* 8 U.S.C. § 1182(a)(5) (laying out the requirements for labor certification and qualifications for immigrants), it misses the point. The APA, which is what the plaintiffs seek relief under, requires exhaustion if administrative remedies are prescribed by statute. *See Darby*, 509 U.S. at 153 ("[T]he exhaustion doctrine continues to exist under the APA to the extent that it is required by statute or by agency rule as a prerequisite to judicial review.").

Finally, the plaintiffs assert that even if exhaustion is required, it may be excused here. (R. 12 at 4.) In *Iddir v. INS*, the Seventh Circuit recognized four circumstances where exhaustion may be excused: (1) requiring exhaustion causes prejudice due to unreasonable delay or an "indefinite timeframe for administrative action"; (2) the agency does not have the ability or competence to resolve the issue or grant the requested relief; (3) the agency is biased or has predetermined the issue so appeal is futile; or (4) substantial constitutional questions are raised. 301 F.3d 492, 498 (7th Cir. 2002). Refurble argues that requiring exhaustion would cause prejudice due to an "indefinite time frame for administrative action." (R. 12 at 4.) They cite to a DOL webpage which they contend lists decisions showing a delay of at least two years (*Id.*) The Court's review of the webpage only takes it to a search page, not any listings. *See* https://www.dol.gov/agencies/oalj/apps/keyword-search.[6] Either way, Refurble has failed to allege facts that would make excusing the exhaustion requirement appropriate. *See Lis Trucking*, 2022 WL 1404817, at *6 ("Plaintiffs offer two examples of lengthy gaps between the filing of an appeal and the issuance of a decision, but no data that places those examples in context."); *Star Way*, 596 F. Supp. 3d at 1154 (declining to waive exhaustion requirement because the plaintiffs had not "demonstrated that review by the BALCA is foreordained to take years on end" when only two examples offered).

---

[6] Documents promulgated by federal administrative agencies are subject to judicial notice, *Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000), and therefore may be considered on a motion to dismiss. *Williamson*, 714 F.3d at 436.

5

The defendants' motion to dismiss [9] is granted. Civil case terminated.

Date: October 31, 2024

JEREMY C. DANIEL
United States District Judge